JAMES A. McDEVITT
United States Attorney
FRANK A. WILSON
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767
Fax: (509) 353-2766

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REEM A. GOHAR, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL B. MUKASEY, ET AL,<br><br>    Defendants. | NO. CV-07-295-LRS<br><br>[PROPOSED] ORDER GRANTING MOTION AND REMANDING PETITION FOR HEARING ON NATURALIZATION APPLICATION TO THE CITIZENSHIP AND NATURALIZATION SERVICE WITH INSTRUCTIONS |

The Court has read and considered the papers filed in connection with the motion for an Order remanding Plaintiff REEM A. GOHAR'S Petition for Hearing on Naturalization Application to the United States Citizenship and Immigration Service, and now HEREBY GRANTS the motion for the following reasons:

    1.    On September 28, 2007, Plaintiff filed a Petition for Hearing on Naturalization Application ("Petition"). Plaintiff asks the Court to adjudicate her Form N-400 Application for Naturalization ("Application"). See Petition, p. 5 (Prayer for Relief ¶).

2. The Court has jurisdiction over this action pursuant to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. <u>Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter</u>.

8 U.S.C. § 1447(b) (emphasis added).

3. Under Section 1447(b), the Court has two options. The first option is to "determine the matter." See United States v. Hovesepian, 359 F.3d 1144, 1160 (9th 2004) (quoting 8 U.S.C. § 1447(b)). Section 1447(b) also allows the Court, in lieu of the first option of "determin[ing] the matter," to "remand the matter, with appropriate instructions, to the Service to determine the matter." Id.

4. The Parties are before the Court with a Motion to Remand the Petition to CIS ("Motion"). Remanding this action to CIS would serve the interests of efficiency and judicial economy.

5. Furthermore, a remand would not preclude the filing of a subsequent district court action by Plaintiff in the event that CIS should deny the Application. See 8 U.S.C. § 1421(c).

6. Therefore, for the foregoing reasons, the Court HEREBY GRANTS the Motion and ORDERS as follows:

7. The Court REMANDS the Petition to CIS with instructions to adjudicate and issue a decision in the Application within ninety (90) days of the Order of Remand.

8. The Court DISMISSES Plaintiff's action without prejudice.

9. Each party shall bear their own costs, fees and expenses.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve copies of this Order on counsel for all parties.

DATED this  23rd  day of  April  , 2008.

s/Lonny R. Suko
───────────────────────────
LONNY R. SUKO
United States District Judge

PRESENTED BY:

JAMES A. McDEVITT
United States Attorney


s/ Frank A. Wilson
Frank A. Wilson
Assistant United States Attorney
Attorney for Defendants
USA-WAE-FWilson

MILLER DEVLIN & McLEAN, P.S.


s/Frank A. Wilson
Telephonic Approval
ERNEST D. GRECO
Attorney for Plaintiff